318-0028 Linda Taft Attorney v. Chris Dostach v. SMG Holdings Inc. Appellee by joint address Good afternoon, this is Chris Dostach for Plaintiff Linda Taft Please support counsel. Thank you for hearing this case today. Very simple issue. I would start with the issue when I was researching the defendant's brief. The word darkness or lighting rarely came up and really the question in this case is does the issue of the lighting and darkness, the direct facts and circumstantial evidence rise to the level that it should not be vetted out by the court for summary judgment rather than determination by the jury. She went to concert on June 9, 2016. Went into the Civic Center. It was already dark. She was with her son. She was negotiating stairs. Normally there would be an usher at the top and bottom. It was someone who was in the military, the aisle that she went down. They deviated from the first general order of never leaving the post and properly leave. There was no usher there. Ms. Taft went down the stairs. Tripped. Fell. Injured. 32 staples. DVT. Went to her seat. Saw she was bleeding. Went to medical. The nurse said it took a history that she tripped. Went to the hospital. There was no railing. No aisle lighting. No usher. Just a shiny flashlight. So when you look at a duty argument, the first thing you look at is foreseeability. And I don't know a single human being when they go down the stairs that actually instead of turning lights on, shuts them off. We all turn on lights because stairs pose an inherent risk of being injured and falling. And you need to be able to see where you're going. It's not like walking on flat ground. And in fact, the ushers in this case are provided with flashlights to assist patrons and themselves in trying to negotiate the Civic Center and the stairs. The risk of injury is clear from falling on the stairs. So the case comes down to a point of when she's asked, you know, you tripped. And she told the nurse she tripped. But why did you trip? And she did not have a specific answer. If there was a lighting issue in this case, or darkness, I wouldn't be here and I wouldn't take that case. Because it would be consistent with the cases cited by defense counsel where in those cases there was no direct or circumstantial evidence to explain why the person fell. So this case solely hinges on whether there is sufficient direct and circumstantial evidence on whether the lighting or darkness of the Civic Center contributed to her fall as a proximate cause of her injury. And she was asked in her deposition by defense counsel, you know, why do you think the darkness or the lighting had something to do with it? And she said specifically, it was hard to see the steps. So whether she tripped on something that was in the aisle, her own feet, misstepped, it was clearly dark where she was at. And she testified that that contributed to her ability to see and negotiate those stairs. And I think it's a reach to take that from the province of the jury to decide whether the Civic Center should have an usher in the middle of the, because it's a long set of stairs to provide lighting. Or the usher should have left his post and should have escorted her to her seat and illuminated the stairs. Or whether there should be a railing there. Or like I said, aisle lighting. And one thing that I thought of interest was in reviewing the deposition last night of Ms. Tapp and the questioning by Mr. Linder. He asked her during the deposition about, you know, going to a concert. And he says to her, I want to make sure I get this right, if I quote correctly. Mr. Linder says, now my understanding is when they dim the lights, which they do at most concerts, when the concert begins, correct. She says, correct, yes they do. And it was already dark. Then he says, then they have lighting on the aisles. Are you saying they did not have lighting on the aisles? And she goes, no they did not. The defense counsel in this case came into that question with the supposition that there is lighting on the aisles. Because you need to have that to help people see in something that you know is dark. And no, you can't do a concert in the light. That wouldn't make any sense. But you know people are going to go up and down these steps. And to say that the lighting in this case had nothing to do with her fault would divorce ourselves from common sense and logic in the facts and circumstances in this case. Whether it be direct, in terms of it being dark, there being no usher, the ushers had flashlights. In her own testimony, that it was difficult to see the steps and the fact that she fell. We'd ask that you reverse the court. And I'm not saying I'm going to win. Who knows? Nobody can predict that. But I just believe that this task, under these facts and these circumstances, which they are, has met her burden in that regard. And the jury should have the opportunity to decide what the civic center's culpability is and what hers is as well. Thank you. Thank you counsel. Good afternoon. My name is Craig Unrath and I represent Peoria Civic Center. I see three fundamental rules of law here. The first is that although a plaintiff need not try her case in defending it against a motion for summary judgment, she must nevertheless present, arguably present, a factual basis that entitles her to judgment. Now what do we know about this fall here? We know that she fell and was injured. What else do we know? We know nothing at all. She has no idea what caused the fall. She says it was dark. Now when one descends a stairway in the dark, it's possible that someone could miss a step. Well this is actually the second thing that we know. She explicitly stated, I did not miss a step. Now that's a crucial distinction. And this is the distinction that troubled the trial judge in this case. She looked at this and she wasn't sure how, if she did not miss a step as a result of darkness, what else caused this? Did somebody stick their head out? Was there some debris on the floor? Was there something else? We can run through dozens of different scenarios and this brings us to our second fundamental rule. Liability cannot be predicated upon surmise or conjecture as to the cause of injury. If she didn't miss a step, that's all we have. We are left with surmise and conjecture. The cause can only be established where there is a reasonable certainty that the defendant's acts caused the injury. Now this is the third fundamental premise rule of law that I'd like to assert here, that to establish the existence of a genuine issue of material fact, the plaintiff must come forward with positive and affirmative proof of causation. And we just don't have it in this case. I don't see that the trial judge had any choice in this case. And I think when you read the report of proceedings at that hearing, the trial judge was troubled by this, but she didn't see any other way, and I would respectfully ask the court to affirm your credits on the judgment. Thank you. Thank you, Counselor. Counselor? I thank the court for the court expedition record they're arguing. So thank you very much. Thank you, Counselor. Well, we'll take this matter under advisement, and now we'll take a brief recess to allow panel change.